Case No. 517-0053, Peeble v. Brad J. Davenport Counsel ready? This case is for counsel Chelsea Kafton on behalf of the state Your honors, this case arises from a driving under the influence of alcohol offense, which occurred November 26, 2016 in Redbud, Illinois. Officer Josh Wirth observed Mr. Davenport operating the motor vehicle, suspected intoxication, and initiated a traffic stop. The defendant refused to comply with testing, and so Officer Wirth filled out a sworn report with notice of summary suspension. The defendant was given notice during the incident, and he signed his name on the notice of summary suspension, indicating acceptance of the punishment for failing to comply with testing. In the course of filling out the notice of summary suspension, Officer Wirth failed to check the box, indicating that the defendant had refused to comply with testing. During the summary suspension hearing held on January 5th of this year, the defendant was never required to meet his burden in this case. The defendant bears the burden of proof to establish a preemptive case for rescission, and has to satisfy his burden by a preponderance of notice. Now, in this case, your honors, I don't personally have a lot of knowledge of these kinds of cases since I'm new to the court, but it really boiled down to more of a debate about the sufficiency of the report for this unchecked section of the box. There was never any question of if he received notice or not. The question was, what level of defect did this rise to? There was never a conclusion, and the defendant was never required to establish his burden as to why there should be a rescission for his summary suspension. During the hearing, the State did stipulate to the facts that the box in order to detain the defendant of the length of his suspension was unchecked. However, that suspension is in no way the reason the defendant referred to meeting his burden before the State was somehow required to present additional evidence. So, in this case, a proper summary suspension hearing was never conducted. In looking to the statutory language, it says that a person who is requested to submit to a test is provided by Shelby Warren by the law enforcement officer requesting the test. Their refusal to submit will result in a statutory summary suspension of their privileged operated motor vehicle. By signing his name onto this one report, Your Honors, it's verification that the defendant did receive his notice and that he understood that by his actions he was agreeing that he would be subject to a summary suspension. Counsel, is it true the State never asked to amend or correct this box until they got the motion to reconsider? Correct, Your Honor. I think there was confusion as to if the defendant's burden had been met or not. And the State felt that if that burden hadn't been met, then the State wasn't required to try to amend the report until the court somehow told them, Okay, now this burden's on you. You need to do something about this. Really, again, Your Honor, the hearing just kind of reads as a debate as to the sufficiency of the report. It's not a traditional issue that other case law has addressed with these reports. The date's right. The time is right. Everyone signed their names on it. It really just comes down to this one section, and in reviewing the case law, the State actually wasn't even able to find a sufficient explanation of what it means that this section was left unchecked. In fact, Your Honor, regardless of the outcome, the State would see clarification of what it means if this section is left blank. Does it go to sufficiency of the report? Does it go to notice? The trial court felt that there wasn't an issue of notice, merely a question of sufficiency of the report. However, again, Your Honor, the defendant agreed by his signature that he was aware, he had noticed, that he was going to have revocation of his license. And he – I can't say he had an argument against it because there's nothing during his hearing to show that they proved by preponderance of the evidence that he didn't have notice, that he somehow was entitled to the rescission of his summary suspension. Your Honors, the Illinois Supreme Court has explained that this statute is to be liberally construed. If this Court finds that the box should have been corrected, it should remand this case back to the trial court to hold a new hearing where the defendant must first establish his prima facie case. And it must be clear to the State on the record that the burden has been shifted and that they're therefore required to meet their burden if the defendant has truly met his. Really, it seems like there was just confusion on both sides trying to figure out what to do with this one section of the report because it doesn't go to traditional issues of notice, it goes to the sufficiency of the report itself. And if the defendant has already been read the report and finds his name stating that he understands what his choice will then have a result to, really, it can't affect sufficiency too much, Your Honors, because he's been read the report, he signed his name to it. It then goes to his burden to show that he did not understand. Counsel, standard review of use of discretion, trial court, I mean, is that what we're looking at here? I think it's, Your Honor. Does the Court have any further questions? You failed to mention, I know the other side will bring this up, with regard to the notice issue that the Secretary of State, I believe in your brief, you indicate that the Secretary of State simply looked at this particular defendant's history and noticed that he had other DUIs in the past. And so, based on that information, knew that it would be a three-year suspension. Is there any evidence to support that that is exactly what happened with the Secretary of State's office? I mean, there was no testimony involved yet, so how do we come to that conclusion? Your Honor, the Secretary of State is required in those cases, they look at the report, and if they realize that there's a lack of notice or something's wrong with it, they have to send it back to the court, and the court will give it to the officer to be amended. In this case, there wasn't an issue of notice, so the Secretary of State filed it and sent notice, or additional notice, to the defendant in this case. And so, if they're not seeing any kind of error on the report, it's just additional support that it was sufficient notice, it was sufficient report to show that the defendant understood his choice was going to lead to a suspension. But typically, the State, or the Secretary of State, would base its information that they send to the defendant. The suspension, the term of the suspension, is based on the form being filled out correctly with regard to one-year suspension or three-year suspension, right? Your Honor, I believe the report just has a box that says that it will be suspended for at least a year. I don't believe that the form actually shows that this person is going to have it suspended for one year or more. I don't believe that. That's what I'm hearing. So then, the Secretary of State then, in all of these cases, then has to look at the person's driving history to determine whether or not it's a repeat offense or a first-time offense? That's my understanding, Your Honor. And as a trial court did know, there are certain assumptions that could be drawn from the Secretary of State's actions. Obviously, they were able to look up his records and see he did have drivers, and so they were able to determine how long his suspension was going to be for. The Secretary of State portion of our argument was just additional support for our argument, Your Honor. I had some trouble with my layout determining how best to present it, and so I'm sorry if that caused any confusion. All right, then we would ask that you reverse the ruling of the trial court, and if the court feels it necessary, you would be in for another three-year suspension period. Thank you. Yeah. Thank you. Your Honor, I'm Lucas Leek with the Appalachian Court. Statutory summary suspension hearing is a civil proceeding, which is to go pursuant to the rules of civil procedure. It is initially, and it is the law, that the defendant has the burden of proof at the outset of a statutory summary suspension hearing. However, that is assuming that the State has completed all their paperwork correctly, and the State being the police officers, the Secretary of State, and the State's attorney. And in this case, it is clear that the police officer did not complete the paperwork properly. The sworn report acts as a complaint in a statutory summary suspension hearing, just as in any other civil proceeding, you have to have all the necessary elements in your complaint. And the statute is clear that a police officer is to fill out a sworn report. And in that sworn report, they are to indicate whether or not the defendant submitted to testing or refused testing. And then they are supposed to check the appropriate box. And then that sworn report gets sent to the Secretary of State. And then the Secretary of State is supposed to suspend the defendant's driver's license based on whether or not they submitted to alcohol testing or denied to take testing. Without that information, the Secretary of State does not know how long to suspend the defendant's driver's license. In this case, the Secretary of State, nonetheless, sent notice to my client and suspended his driver's license. Then we show up for a statutory summary suspension hearing, and it becomes evident at the hearing that the appropriate box was not checked on the sworn report. The State, I suspect, wasn't aware of that until we actually got in the courtroom that day for the statutory summary suspension hearing. At that point, we went to the judge, and we stipulated that this was the only issue and that it was a question of law. The State did not present any evidence. They did not call a police officer. They didn't have any evidence from the Secretary of State's office. And they did not ask to amend the sworn report at that time. The judge gave us the weekend. That was on Thursday. He gave us the weekend to submit a memo in more authority as to whether or not we believe the failure of the police officer to check the box was a defect to such a degree that the judge should rescind the statutory summary suspension, which we all did. I suspect that the State, after sitting down and doing research, realized that at the statutory summary suspension hearing, he should have asked to amend the sworn report. But he did not ask to do that at the statutory summary suspension hearing. Therefore, we won. The judge rescinded the statutory summary suspension. The case was never continued to January 9th. The case, the judge never gave anyone an opportunity to reopen the proofs. The case was over on January 5th. We had a statutory summary suspension hearing on January 5th. That is when the State should have presented their evidence, if any at all. And they chose not to. They stipulated that the sworn report was defective and that none of the boxes were checked regarding whether or not the defendant submitted to alcohol testing. Then, at the motion to reconsider hearing, the State realized that they made a mistake. And they should have asked to amend the sworn report at the statutory summary suspension hearing. But it was too late at that point. And there's a case directly on point, People v. Pollack, I think is how you pronounce it, where the exact same thing happened where the State asked to amend a sworn report at a motion to reconsider hearing. And the court said, no, it's too late. You should have asked to do that at the statutory summary suspension hearing. Three branches of the State made a mistake here. The police officer made a mistake, and he didn't check the proper box. The Secretary of State made a mistake. When they didn't catch it and sent the sworn report back to be amended, it could have been resolved at that point. The Secretary of State should have caught it and sent it back. But they didn't. Why they didn't, I don't know. And I don't think it's proper for us to speculate why they didn't. I'm assuming someone sits at a desk in Springfield and goes through these things, and they just simply made a mistake, didn't catch it, and it got sent back, affirming the statutory summary suspension. And then third, the State, Randolph County State's attorney's office made a mistake when they didn't ask to amend the sworn report. Three mistakes were made on behalf of the State. And now here we are at the appellate court asking for another chance. They had three chances to get it right, and they didn't get it right. And the cases are clear that it's too late to amend the sworn report at the motion to reconsider State. The defect in the sworn report is such that it is defective. The sworn report is defective to such a nature that the rescission was proper by the trial court. There are several cases. One case, people versus affairs. In that case, there was a question as to whether or not the defendant submitted or denied alcohol testing. They forced the alcohol testing on the defendant. In that case, the police officer checked the box that she submitted to the testing, where, in fact, the court will know she didn't submit to the testing. They had to hold her down and take a blood test. Therefore, that was a refusal. In that case, the court upheld a rescission because they checked the wrong box. So I submit to you that checking the wrong box is just the same as checking no box at all. The sworn report didn't have the appropriate information for the Secretary of State to make a determination, and it's a jurisdictional issue in that you can't go forward in a civil case without the complaint being proper. And we called them out on it, and they didn't ask to amend it at the proper time. Another case is people versus Cooper. In that case, the wrong date on the sworn report. There was a wrong date on the sworn report. You're supposed to date the sworn report and when it is served. And I'm not going to deny that the defendant in this case was given the sworn report the night of the alleged incident, but this isn't a notice issue. Like I said, this is a jurisdictional issue. On its face, the sworn report does not give the court the information to determine whether or not the defendant submitted or denied alcohol testing. On its face, it is not valid. Therefore, the statutory summary suspension does not go through. I asked the court to review the cases that I cited in my brief and take into consideration that this could have been resolved, this could have been fixed by the police officer, the Secretary of State, and the state's attorney's office had they done so properly. But again, it's too late. When the state says, when the appellate says in this case that there was a miscommunication, there was no miscommunication. Not once, but twice, the trial court said. So I'm fine with allowing you time to submit more authority. Just so it's clear, the only issue is whether or not the sworn report is sufficient. The state, correct. Myself, correct. Later on. So as long as we're clear on what there's no more evidence and it's just strictly a legal argument and one of the police officer's sworn report that's in the court file is all that's going to be argued, the state, that's it. Myself, and I'll submit a memo if that's all right. That's what we did. The hearing was over on January the 5th. There was no more evidence to be presented. It's too late to amend the report, and the report is deficient. The court did not have jurisdiction, because as in a civil case, a civil complaint being a sworn report was not proper. Thank you. Thank you. Your Honors, just a few points for rebuttal. In terms of a, this is a procedural question, Your Honors. In terms of the sufficiency of this report, yes. However, under the code of civil procedure, a plea can be amended at any time before or after a judgment. In this case, the debate about the sufficiency of this unchecked box where we're not dealing with force, we're not dealing with an incorrect date, we're not dealing with an incorrect time or a lack of a signature or some kind of verification, it was unique enough that the court took the time during this hearing to simply debate this issue. They never required the defendant to show any kind of burden as to why it should rescind his summary suspension, and the case law which is being relied upon is completely different from what we're dealing with here. No one has been forced here. Paul Ferris does indeed involve someone who was forced to comply. Pollitt is dealing with an incorrect date and Cooper is dealing with the wrong date. So we're not dealing with any of those issues here, Your Honor. We're dealing with whether or not this section of the report goes to some kind of egregious error on the part of the state in filling out the report. It really does read in the record as if there was just some confusion as to what the state was required to do or required to prove because they were so wrapped up in what does the law say about this specific section of the report. Well, the law doesn't really say anything, and it's very evident from the trial court's discussions with the attorneys that they weren't really sure what to do with it, and this was the result. If notice is paramount from a primary case, Your Honors, the defendant had it here. There's no question of notice, so it comes down to, as a procedural matter, what is required under this report. If this was just a minor error, it can be remedied, Your Honors. However, the state just wasn't sure if that was required where they've never seen this before. I'm not really sure. However, we would request that this court, in considering a civil issue, allow the state to amend the report if it is an egregious error which somehow impacted the defendant's notice of what was going to happen, which it's not evident here that that was an issue of notice. If the court has any questions. What authority is there or precedence for allowing, at this time, the state to go back and amend that report or that form? Your Honor, I cited it in my brief where courts have allowed. On page 4 of our brief, Your Honor, we cite to additional case law where courts have called that the failure of an officer to do something did not warrant rescission in a specific case. And we would ask that you see that authority that we've cited to in response to what the defendant said. Your Honor, I'm not sure. I can't recall off the top of my head. I'm happy to submit the cases to the court if you wish. Questions? All right. Thank you, counsel. We're going to, of course, take this matter under advisement.